### In re James EBY, Viva Mae Eby, Debtors.

### Bankruptcy No. 383–03112.

United States Bankruptcy Court, D. Oregon.

April 12, 1984.

Robert W. Myers, Portland, Or., Trustee.

Brian D. Green, Lincoln City, Or., for debtors.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

After notice a hearing upon confirmation of the debtors' plan was held on April 4, 1984. The trustee, Robert W. Myers was present. There were no other appearances.

The debtors' petition and chapter 13 statement show priority debts of $10,247, secured debts of $78,500 and unsecured debts of $6,400. The plan provides that the debtor will pay to the trustee the sum of $305 per month and that from such payment the trustee will first pay the expenses of administration with the balance to be paid upon priority claims. It provides that the debtor will pay the secured debts and the unsecured debts 100% "outside" the plan.

Subtracting from each monthly payment of $305 by the debtor to the trustee the sum of $21 for the trustee's compensation and expenses would leave $284 for payments by the trustee upon the priority claims.

Included in the assets of the estate are four vehicles each of which have a market value less than the amount owing to the creditors holding security interests therein.

The debtors' budget shows, after subtracting from the monthly income, the monthly expenses including the monthly payment to the secured creditors, a surplus of $653.46. Subtracting the monthly payment to the trustee leaves a balance of $348.46. Apparently the debtors expect to pay the general unsecured claims from this balance.

The plan does not state the manner in which the general unsecured claims are to be paid. It is not stated whether or not the

allowed unsecured claims will be paid on a prorata basis.

The court must deny confirmation of the plan. While it may be appropriate in some cases for the debtor to make payment of named secured claims directly to each secured creditor rather than through the trustee, it is not appropriate that the debtor make payments directly upon the general unsecured claims.

It is recognized that some additional expense is imposed upon the debtor by making payment to the unsecured creditors through the trustee. Currently, the compensation and expenses of the trustee amount to 7% of the funds disbursed by him. However there would be a number of problems presented if the court were to confirm a plan which provided that payments upon the general unsecured claims be made directly by the debtors.

During the time that a chapter 13 case is pending the debtors are afforded protection of the automatic stay provided by 11 U.S.C. § 362. If the debtors are to pay general unsecured claims directly, individual unsecured creditors would not be able to tell whether they were being paid by the debtors on a prorata basis without an investigation of the court file to determine the total amount of the allowed unsecured claims. If a particular unsecured creditor determined from such an investigation that he was not receiving his prorata share, it might be necessary for such creditor to file either a motion for relief from the automatic stay or a motion to dismiss the chapter 13 case. This could impose an unreasonable burden upon a creditor, particularly if he held only a relatively small claim. On the other hand, where payments are made by a trustee the unsecured creditors may assume that they are being paid on a prorata basis. Such creditors may also assume that if the debtor fails to comply with the plan, the trustee will, without cost to the creditors, file a motion to dismiss the case.

Upon completion of the payments required by the plan the debtors will be entitled to a discharge under 11 U.S.C. § 1328(a). If it becomes impossible for the debtors to complete the payments they nevertheless could be entitled to a discharge under 11 U.S.C. § 1328(b). 11 U.S.C. § 727 makes special provisions when unsecured claims have been paid at least 70%. If payments upon unsecured claims are made through the trustee, his records will reflect the applicability of these sections. If the payments are made directly by the debtors, neither the court file nor the records of the trustee will reflect the necessary information.

Equitably, in return for the protection and benefits afforded the debtors, the unsecured creditors are entitled to the protection of receiving payments through the trustee.